UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FRANK ANTHONY AND CLARE ANTHONY                                    PLAINTIFFS

V.                                             CIVIL ACTION NO. 1:08cv300-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                DEFENDANT

## ORDER

There are three motions *in limine* pending in this cause of action, each filed by the Plaintiffs. They are as follows:

[67] Motion to Exclude Evidence, Testimony, or Argument Relating to the Use and Effect of Payments Made Under Plaintiffs' Flood Insurance Policy;

[68] Motion to Exclude any and all Video, Photographs, and Written Statements Which do not Depict or Otherwise Record Events Occurring Within a One Mile Radius of the Plaintiffs' Home;

[69] Motion to Exclude Evidence not in Defendant's Claims File, Including Experts;

These motions are similar to those filed in *Remel v. State Farm Fire and Casualty Co.*, No. 1:07cv126, in which Plaintiffs' current counsel were also involved. The Court will not reach different results here.

Plaintiffs acknowledge in their [67] motion this Court's prior rulings that the acceptance of payments under their flood insurance policy constitutes a judicial admission that damage to the property caused by flood was at least equal to the flood insurance payment. Plaintiffs are bound by the legal effect arising from the receipt of flood insurance benefits, and may not preclude Defendant from offering this fact in support of the burden of proof it carries in establishing that some of the damage sustained by Plaintiffs during Hurricane Katrina was caused by an excluded peril in the subject insurance policy. Plaintiffs' argument that flood insurance proceeds constitute a collateral source has also been rejected. *Gunn v. Lexington Insurance Co., et al.*, No. 1:07cv478 (docket entry [105]) (also holding that this is not a matter of an election of remedies). Furthermore, Plaintiffs are precluded from going behind their decision to accept payments under their flood policy.

Plaintiffs' motion [68] with respect to video, photographs, and written statements depicting or otherwise recording events which are not located within one mile of their home in Bay St. Louis, Mississippi, is general in nature. A review of the proposed pretrial order shows that Defendant has identified at least two videos (one taken by Kevin Abraham in Biloxi, and the

other shot at the Pass Christian Library) that are not in the direct vicinity of the Plaintiffs' vacation home in Bay St. Louis. The Court is very familiar with these videos and, consistent with prior rulings, they will be excluded under Rule 403 of the Federal Rules of Evidence. Because Plaintiffs are not specific in their objections in this regard, their request for relief will be granted without prejudice to the Defendant offering evidence that does not run afoul of Fed. R. Evid. 403.

At the same time, this Court will continue its practice of not prohibiting Plaintiffs from developing fact-specific proof of Defendant's own claims adjusting in any case where the property(ies) are in reasonably close proximity to Plaintiffs' and was/were exposed to similar storm conditions. This will only be allowed with the proper predicate and where it does not confuse or mislead the jury.

As in *Remel, supra,* Plaintiffs' [69] motion is erroneously premised on the idea that Defendant must limit the evidence it presents to the time of the denial of the claim, and may not offer expert testimony developed after that time. While Defendant is under a duty to conduct a full and thorough investigation, it is also under a continuing duty to investigate a loss, even after a lawsuit has been filed. *Gregory v. Continental Insurance Co.*, 575 So. 2d 534 (Miss. 1991). In *Broussard v. State Farm Fire and Casualty Co.,* 523 F.3d 618 (5th Cir. 2008), Defendant retained experts following the institution of litigation who were allowed to testify as to their opinion of the hurricane loss. Indeed, Plaintiffs in the instant case relied on the report of at least one of Defendant's experts in opposing [54] Defendant's request [44] for partial summary judgment. Plaintiffs may not prevent Defendant from introducing evidence outside the claim file even if developed in the context of the litigation, i.e. the entire claim evaluation process pre- and post-suit. Plaintiffs' [69] motion is not well taken.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [67] Motion to Exclude Evidence, Testimony, or Argument Relating to the Use and Effect of Payments Made Under Plaintiffs' Flood Insurance Policy is **DENIED**;

Plaintiffs' [68] Motion to Exclude any and all Video, Photographs, and Written Statements Which do not Depict or Otherwise Record Events Occurring Within a One Mile Radius of the Plaintiffs' Home is **GRANTED, WITHOUT PREJUDICE**; and

Plaintiffs' [69] Motion to Exclude Evidence not in Defendant's Claims File, Including Experts, is **DENIED**.

**SO ORDERED** this the 16th day of November, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE